IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WESTPORT FUEL SYSTEMS CANADA INC., <br><br> *Plaintiff*, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> *Defendant*. | )<br>)<br>)<br>)<br>)  Civil No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

**WESTPORT FUEL SYSTEMS CANADA INC.'S
MOTION TO COMPEL FORD MOTOR COMPANY
TO COMPLY WITH SUBPOENA TO TESTIFY**

**I.   INTRODUCTION**

Westport Fuel Systems Canada Inc. ("Westport") files this miscellaneous action for a Motion to Compel Ford Motor Company ("Ford") to comply with Westport's deposition subpoena issued in the Eastern District of Texas. As part of the discovery process in an underlying litigation against Robert Bosch, LLC pending in the Eastern District of Texas, Westport issued two subpoenas to Ford. The first sought a targeted set of documents responsive to a narrowly tailored set of requests. The second sought the deposition of Ford's corporate representative. Ford produced responsive documents and information to Westport's document subpoena. Despite multiple rounds of correspondence in an effort to narrow or avoid a deposition altogether via an appropriate declaration, no such declaration has been received and Ford also has failed to designate a corporate representative for deposition or provide dates of availability for the remote deposition. Although Westport remains amenable to narrowing or potentially eliminating the need for deposition, because today is the motion to compel deadline in the underlying case Westport must file this Motion today to preserve its rights to any needed deposition. Accordingly, because Ford has not complied with Westport's deposition subpoena, Westport seeks an order compelling Ford to

1

provide a corporate designee to testify regarding the topics contained in Westport's deposition subpoena.

## II. RELEVANT FACTUAL BACKGROUND

On April 4, 2022, Robert Bosch, LLC ("Bosch") filed suit against Westport Fuel Systems Canada Inc. in the United States District Court for the Eastern District of Texas, Marshall Division with civil action number 2:23-cv-00038-JRG-RSP ("Bosch Litigation").

On May 23, Westport served two subpoenas on Ford Motor Company, pursuant to Federal Rule of Civil Procedure 45 and 30(b)(6), requesting production of relevant documents and seeking the remote deposition of a Ford corporate representative. (Exhibit A, Excerpts from Westport's Subpoena to Testify at a Deposition in a Civil Action to Ford Motor Company.) Ford's counsel accepted service of the subpoenas on May 29.

Ford has produced documents in response to Westport's document subpoena. Ford, however, has not produced a corporate representative in response to Westport's deposition subpoena. Westport has repeatedly notified Ford that it will need to take the deposition of a Ford corporate representative to authenticate the documents, confirm the documents are business records, and explain the parts of any documents that are not self-explanatory. Although the parties have worked on a possible declaration to narrow or eliminate the need for such deposition, those efforts have not resulted in a signed declaration. Westport has also informed Ford that Bosch would need to agree not to object to the sufficiency of such declaration to streamline or eliminate the need for the deposition of Ford. Bosch has remained silent in this regard.

Westport provided Ford a draft declaration on October 17, 2025. Westport provided Ford a revised draft declaration on October 24, modified to cover additional documents Ford produced two days prior. Ford provided its comments and revisions to the draft declaration on the night of October 28 and Westport returned additional redlines on October 29. The parties continue to work to finalize the declaration to resolve the issues in this Motion.

The close of fact discovery, and consequently the deadline by which all discovery motions must be filed, in the Bosch Litigation is October 30, 2025. (Third Amended Docket Control Order, at 4, *Robert Bosch, LLC v. Westport Fuel Systems Canada Inc.*, Civil Action No. 2:23-cv-00038-JRG-RSP, ECF No. 143.)

Because the proposed declaration has not yet been finalized or signed, Westport must file this Motion to Compel before the aforementioned discovery deadline to preserve its rights in the Bosch Litigation. Westport maintains its willingness to work with Ford to complete an appropriate declaration that would obviate the need for a deposition.

### III. THIS COURT SHOULD COMPEL FORD TO PRESENT A CORPORATE REPRESENTATIVE FOR DEPOSITION

A subpoena to a third party may command attendance and testimony via deposition. FED. R. CIV. P. 45(a)(1)(A)(iii). If a party does not comply with a subpoena, "the serving party may move the court for the district where compliance is required for an order compelling production." FED. R. CIV. P. 45(d)(2)(B)(i). The court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." FED. R. CIV. P. 45(g). If the moving party makes a prima facie showing that it issued a valid subpoena, the court may issue an order requiring the nonparty to comply with the subpoena, seek protection under Rule 45, or respond to the motion and demonstrate why they should not be held in contempt. *Cypress Prop. & Cas. Ins. Co. v. Jallad & R Invs., LLC*, No. 3:21-CV-1478-L, 2023 WL 2899461, at *4 (N.D. Tex. Mar. 2, 2023).

Westport issued a valid subpoena for the deposition of Ford's corporate representative because it satisfied all requirements under Rule 45(a)(1)(A). The subpoena stated the court from which it was issued: the United States District Court for the Eastern District of Texas. (Ex. A at 1.) The subpoena stated the title of the action and the civil-action number: *Robert Bosch, LLC v. Westport Fuel Systems Canada Inc.*, Civil Action No. 2:23-cv-00038-JRG-RSP. (Ex. A at 1.) The subpoena commanded the recipient to designate a corporate representative to attend and testify at a specified time and place. (Ex. A at 1.) *See also* FED. R. CIV. P. 30(b)(6). The subpoena set out

the text of Rule 45(d) and (e). FED. R. CIV. P. 45(a)(1)(A)(i)-(iv). (Ex. A at 2.) The subpoena also stated the method for recording the testimony. (Ex. A at 1.) *See also* FED. R. CIV. P. 45(a)(1)(B). Thus, Westport's subpoena for deposition to Ford is valid.

The topics for which Westport has subpoenaed Ford to testify generally relate to the quantity, cost, price, and other financials stemming from Ford's purchase and sale of the Accused Fuel Injectors in the underlying litigation as well as any Ford documents pertaining to the Accused Fuel Injectors. Ford's testimony would also serve to explain and authenticate the documents Ford produced pursuant to Westport's document subpoena. Each category is relevant to Ford's production and the underlying Bosch Litigation. Westport also cannot obtain the information sought from another party.

Ford has failed to produce a corporate representative for deposition. Ford also did not move to quash Westport's deposition subpoena. This Court should compel Ford to present a designated corporate representative for deposition in response to Westport's deposition subpoena.

## IV.  CONCLUSION AND PRAYER

For the foregoing reasons, Westport respectfully requests that the Court enter an order compelling Ford to designate and present a corporate representative for deposition within seven days of the entry of this Court's order granting this Motion.

Dated: October 30, 2025                    Respectfully submitted,

*/s/ David W. Higer*
David W. Higer
  *Lead Counsel*
  State Bar No. 24127850
Miranda Y. Jones
  State Bar No. 24065519
Eugene M. Massad, III
  State Bar No. 24126247
**WINSTEAD PC**
2728 N. Harwood Street, Suite 500
Dallas, Texas 75201
Tel.: 214.745.5400
Fax: 214.745.5390
Email: dhiger@winstead.com
      mjones@winstead.com
      emassad@winstead.com

*Attorneys for Plaintiff Westport Fuel Systems Canada Inc.*

## CERTIFICATE OF CONFERENCE

I certify that counsel for Westport Fuel Systems Canada, Inc. has complied with the meet and confer requirement of Local Rule CV-7(h). On October 30, 2025, Andy Ligotti and Erin Beaton (counsel for Ford), myself (lead counsel for Westport), Eugene Massad (counsel for Westport), and Claire Henry (local counsel for Westport), conferred via Zoom regarding this Motion. Counsel for Ford indicated it understood that Westport's Motion was filed to preserve its rights in the underlying litigation due to the deadline for fact discovery. Counsel for Ford also indicated it would continue to work with Westport to obtain a signed declaration to resolve the issues in this Motion.

<i>/s/ David W. Higer</i><br>
David W. Higer

## CERTIFICATE OF SERVICE

I hereby certify that, on October 30, 2025, the foregoing document was served on Ford's counsel in connection with Westport's Subpoenas (Andy Ligotti and Erin Beaton of the law firm Alston & Bird LLP), via email (Andy.Ligotti@alson.com and Erin.Beaton@alston.com), as agreed via email shortly after the October 30, 2025 meet and confer.

<i>/s/ David W. Higer</i><br>
David W. Higer